```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          Criminal Action No. 2:17-cr-00116

**TIMOTHY WALDRON**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant, Timothy Waldron's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), filed January 23, 2023.  ECF 53.

On June 28, 2017, Mr. Waldron was charged in a three-count indictment for violations of 21 U.S.C. § 841(a)(1) (Count 1), 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3).  ECF 1.  During a plea hearing on January 10, 2018, the defendant pled guilty to Count 1 of the indictment.  ECF 25.  In the Stipulation of Facts accompanying the plea agreement, Mr. Waldron agreed that following a search of his residence in Mineral Wells, West Virginia, on November 20, 2016, law enforcement officers recovered "two rifles, quantities of suspected methamphetamine, digital scales, sandwich bags, [and] approximately $17,000 in U.S. Currency."  ECF 25, Ex. A.  The defendant also admitted to

"having obtained in excess of ten pounds of methamphetamine for distribution during the two month period preceding the search." Id. His USSG guideline range was determined to be 168 to 210 months. On April 16, 2018, the court varied down two levels and sentenced Mr. Waldron to 144 months imprisonment, to be followed by 5 years of supervised release. ECF 33.

On March 15, 2019, Mr. Waldron filed a pro se motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.[1] ECF 40. This motion was referred to Magistrate Judge Cheryl A. Eifert, who on April 29, 2020, filed proposed findings and recommendations ("PR&R") which recommended denying and dismissing Mr. Waldron's § 2255 motion. ECF 50. Mr. Waldron filed no objections to the magistrate judge's PF&R and on June 2, 2020, the court entered an order dismissing his § 2255 motion. ECF 51.

Currently before the court is Mr. Waldron's pro se motion for compassionate release, filed January 23, 2023, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 53. Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, Congress enacted the First Step Act, which

---

[1] Mr. Waldron filed a memorandum in support of his § 2255 motion. See ECF 41.

amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[2] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has noted that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021); but see United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022) (finding a defendant cannot challenge the validity of his conviction or sentence

---

[2] Defendant exhausted his administrative remedies when he requested compassionate release from the Warden of his facility on September 22, 2022. See ECF 53-1, Exhibit E.

through a motion for compassionate release). However, rehabilitation may not on its own, serve as a basis for compassionate release. McCoy, 981 F.3d at 286, n. 9; United States v. Davis, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022); 28 U.S.C. § 944(t).

Mr. Waldron advances two grounds in support of compassionate release. First, he contends his family circumstances "constitute an extraordinary and compelling reason" for compassionate release. ECF 53 at 6-7. Second, he states "his history, characteristics, and rehabilitation while incarcerated" warrant compassionate release. Id. at 8-10.

As to his first ground, Application Note 1(c)(i) to United States Sentencing Guidelines § 1B1.13, provides extraordinary and compelling reasons exist through "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children."[3] Mr. Waldron avers his children's caregivers – grandfather Joe Walker and his partner, Brenda Merced, referred to as "grandmother" – "will need constant care to tackle everyday tasks from there [sic] terminal illnesses."

---

[3] The court recognizes that in McCoy, the Fourth Circuit found U.S.S.G. § 1B1.13 "does not apply to defendant-filed motions under § 3582(c)(1)(A);" however, § 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d 271 at 282, n. 7.

ECF 53 at 7. He continues by claiming the "grandparents" "are shouldering an enormous burden in caring for [his] children, and balancing that with caring for there [sic] own health and providing financial support has become an enormous strain." Id.

Generally, when the above ground is presented, courts will "deny compassionate release when another suitable caregiver is available for the defendant's child." United States v. Barlow, No. 7:19-cr-00024-4, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023); United States v. Lottier, No. 7:16-cr-030, 2020 WL 7233363 (W.D. Va. Dec. 7, 2020) (denying compassionate release when prisoner failed to show he was only available or suitable caretaker for child); United States v. McKenzie, --- F.Supp.3d---, 2022 WL 14155663 (E.D. Tenn. Oct. 24, 2022) (denying compassionate release in part because record did not support the allegation that defendant's fiancée was child's only caregiver). In seeking compassionate release, prisoners bear the burden of establishing "extraordinary and compelling reasons" exist to warrant a sentence reduction. United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); United States v. Davis, 581 F.Supp.3d 759 (E.D. Va. 2022). Courts have declined to grant compassionate release based on family circumstances due to "the absence of a robust evidentiary showing that the defendant is the only available caregiver." United States v.

5

Richardson, NO. 5:18-CR-507-IFL, 2020 WL 2200853 at *2 (E.D. N.C. May 6, 2020).

Before reaching the merits of Mr. Waldron's request, the court notes that throughout his motion, Mr. Waldron refers to his "children" that are being cared for by their "grandparents." These children are his biological daughter, M.W., and one to whom he refers as his "son," L.W. Upon reviewing the letters attached to Mr. Waldron's motion and the presentence investigation report prepared by the probation office, L.W. is not the biological son of Mr. Waldron.[4] See ECF 53-1, Ex. A; ECF 36 at ¶¶ 76-86. Instead, Mr. Waldron's biological son, K.W., lives at his grandmother's home in Belpre, Ohio, and is not discussed in Mr. Waldron's motion for compassionate release. See ECF 36 at ¶ 82.

More particularly, M.W. is Mr. Waldron's child from a prior relationship with Toni Walker who is also the mother of L.W. by another man. Toni Walker is said to have had a history of drug abuse which may explain why Joe Walker says he has custody of M.W. and L.W.

---

[4] There is no indication in the record that Mr. Waldron has legally adopted L.W.

6

In this instance, Mr. Waldron has not shown that "extraordinary and compelling reasons" exist which would entitle him to compassionate release based on family circumstances. Mr. Waldron has failed to present evidence that no other suitable caregivers exist to care for M.W. if the medical condition of her current caregivers, consisting of M.W.'s grandfather Joe Walker and his partner, continues to deteriorate. The record also shows that along with M.W.'s current caregivers, Mr. Waldron has other family members in the Wood County area who could care for M.W., including his grandmother and an uncle, and perhaps his sister and a cousin.[5]  See ECF 53-1, Ex. A.

Next, Mr. Waldron has failed to show that M.W.'s current caregivers are incapacitated. While Mr. Waldron's motion claims M.W.'s "grandparents" suffer from "terminal illnesses" the defendant provides no evidence to support this assertion. See ECF 53 at 7. Instead, a letter from M.W.'s grandfather, Joe Walker, who is age 65 and still working, claims his health issues include "heart and kidney complications," while his partner, age 63, suffers from multiple sclerosis, COPD, and lung cancer. Absent these bare assertions, Mr.

---

[5] Additionally, while letters attached to Mr. Waldron's motion indicate that M.W.'s mother has a history of drug abuse, there is no evidence to suggest that she is totally incapacitated. Id.

Waldron has failed to produce any evidence to support the existence of the alleged health issues of M.W.'s "grandparents" and has failed to provide any evidence to support the claim that these health issues are "terminal."

Along with failing to show a lack of other caregivers and a lack of capacity for M.W.'s current caregivers, the court also finds Mr. Waldron has failed to present any other family circumstances that would qualify as "extraordinary and compelling reasons" for compassionate release.

Mr. Waldron further contends that compassionate release is warranted based on "his history, characteristics, and rehabilitation while incarcerated." Courts have found rehabilitation alone may not serve as a basis for compassionate release. McCoy, 981 F.3d at 286, n. 9; Davis, No. 21-6960, 2022 WL 127900; 28 U.S.C. § 944(t). Accordingly, to the extent Mr. Waldron seeks compassionate release based on his rehabilitation, such request is denied.

Because the court finds that release is not warranted under § 3582(c), it need not address whether release would be consistent with the factors set forth in § 3553(a).

In light of the foregoing, the court DENIES Mr. Waldron's motion for compassionate release.

The Clerk is directed to transmit copies of this order to the defendant, all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: June 30, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge